IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

IN THE MATTER OF: ) IN CHAPTER 11
)
**JIBARO'S INCORPORATED,** ) No. 13 B 20924
)
Debtor(s). )

## DEBTOR'S AMENDED MOTION FOR INTERIM AND FINAL ORDERS: (A) AUTHORIZING DEBTORS TO USE CASH COLLATERAL AND OTHER COLLATERAL AND GRANTING ADEQUATE PROTECTION PURSUANT TO SECTIONS 361 AND 363 OF THE BANKRUPTCY CODE; AND (B) SCHEDULING A FINAL HEARING

**Jibaro's Incorporated** (the "Debtor") submits this motion, pursuant to sections 361, 362, 362, 364 (c)(1), 364 (c)(2), 364 (c)(3) and 364 (e) of the Bankruptcy Code and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure, for entry of interim and final orders (a) authorizing the Debtor to use cash collateral and other collateral and granting adequate protection pursuant to sections 361 and 3623 of the Bankruptcy Code; (b) scheduling a final hearing on the Motion. In support of this Motion, the Debtor respectfully represents as follows:

### I. JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1134. This is by Bankruptcy Rules 2001, 4001 and 9014 and Local Bankruptcy Rule 4001-2.

### II BACKGROUND

2. On May 17, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date of the filing of this Motion, no official committee has been appointed.

### III SUMMARY OF THE RELIEF REQUESTED

3. By this Motion, the Debtor request entry of the interim and final orders authorizing Debtors to use the Cash Collateral pursuant to sections 361, 362, and 363 of the Bankruptcy Code, and other collateral in which the secured lenders have interests (the "Pre-Petition Collateral") both for operating purposes and to pay down the Prepetition Debt, and provide adequate protection with respect to any diminution in the value of the secured lenders' interests in the Pre-Petition Debt, resulting from the use of the Pre-Petition Collateral, including the Cash Collateral, or imposition of the automatic stay pursuant to section 361 of the Bankruptcy Code;

4. In addition to the need for debtor-in-possession financing, the Debtor has a critical need for the immediate use of prepetition collateral, including cash collateral.

Inability to use the Secured Lenders' collateral would have an immediate and detrimental effect on the Debtor's operations and their ability to reorganize. As a result, if the Debtor is unable to use the prepetition collateral to pay down their prepetition secured debts, the Debtor will be unable to pay present operating expenses, including payroll, and to pay vendors to ensure a continued supply of services and materials essential to the Debtor's continued viability.

5. Under section 363(c)(2) of the Bankruptcy Code, the Debtor may not use Cash Collateral without the consent of the secured lenders or authority granted by the Court. Section 363(e) of the Bankruptcy Code provides that upon request of an entity that has an interest in property to be used by a debtor, the Court shall prohibit or condition such use as necessary to provide adequate protection of such interest.

6. As adequate protection of diminution in the value of the Pre-Petition Collateral resulting from (a) the Debtor's use, sale, lease or other disposition of the Pre-Petition Collateral; and (b) the imposition of the automatic stay pursuant to section 362 of the Bankruptcy Code, on which the Secured Lenders provide their consent in accordance with section 363(c)(2), Secured Lenders are granted the following:

  (a) Adequate Protection Claim;
  (b) Replacement Liens;
  (c) a super-priority administrative claim in accordance with section 364(c)(1) and 507(b) of the Bankruptcy Code;
  (d) interest on the Pre-Petition Obligations at the contract non-default rate and reasonable fees and expenses as of the Petition Date.
  (e) Payment in the amount of Seventy-five Hundred ($7,500.00) monthly to the Internal Revenue Service; and
  (f) Payment in the amount of Four Thousand ($4,000.00) monthly to the Illinois Department of Revenue.

7. The Debtor is informed and believes that the Internal Revenue Service and the Illinois Department of Revenue have a valid and perfected lien on any of the Debtor's collateral and are priority unsecured creditors.

8. The Debtor requests that the Court find that the foregoing adequate protection to be granted to the Pre-Petition Secured Lenders is reasonable and sufficient to protect the interests of the Pre-Petition secured Lender without prejudice.

9. Bankruptcy Rules 4001 (b) and (c) provide that a final hearing on a motion to use cash collateral pursuant to section 363 of the Bankruptcy Code may not be commenced earlier than fifteen (15) days after the service of such motion. Upon request, however, the Court is empowered to conduct a preliminary expedited hearing on the motion and authorize the use of cash collateral and the obtaining of credit to the extent necessary to avoid immediate and irreparable harm to the Debtors' estate.

10. The Debtor requests that the Court enter the proposed Interim Financing Order: (a) authorizing the Debtor to utilize the Cash Collateral as provided in the proposed Interim Cash Collateral Order; and (b) granting the adequate protection as provided in the proposed Interim Cash Collateral Order. This relief will enable the Debtor to operate its business in the ordinary course and avoid immediate and irreparable harm and prejudice to their estate and all parties in interest, pending the Final Hearing.

## VI. NOTICE WITH RESPECT TO INTERIM FINANCING ORDER

11.  Notice of this Motion has been given to: (a) the Office of the United States Trustee (the "U.S. Trustee"); (b) the creditors of the Debtor (c) counsel to the Debtors' secured lenders; (d) the Internal Revenue Service; (e) the Illinois Department of Revenue; and (f) all other parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, under the circumstances, no further notice is necessary.

## VII. NOTICE WITH RESPECT TO FINAL FINANCING ORDER

12.  The Debtor further requests that the Court schedule the Final Hearing and authorize it to serve a copy of the signed Interim Financing Order, which fixes the time and date for the filing of objections, by first-class mail upon: (a) the Office of the United States Trustee (the "U.S. Trustee"); (b) the creditors on the Debtor; (c) counsel to the Debtor's secured lenders; (d) the Internal Revenue Service; (e) the Illinois Department of Revenue; (f) all other parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, under the circumstances, no further notice is necessary.

WHEREFORE, the Debtor respectfully requests that the Court enter an order (a) granting relief requested herein, and (b) granting such other relief is just and proper.

Respectfully submitted,
JIBAROS INCORPORATED

By: /s/ Erica Crohn Minchella
One of its attorneys

MANSOOR H. ANSARI
Attorney ID 6295701
ANSARI TAX LAW FIRM
500 N. Michigan Ave., Suite 300
Chicago, IL 60611
312.265.5626

ERICA CROHN MINCHELLA
Attorney ID 6180610
MINCHELLA & ASSOCIATES,, LTD.
7538 St. Louis
Skokie, IL 60076
847.677.6772